## PHILLIPS PETROLEUM CO. *v.* OKLAHOMA ET AL.

No. 73.   Argued November 9–10, 1950.—Decided December 11, 1950.

*Don Emery* and *R. M. Williams* argued the cause for appellant.   With them on the brief were *Rayburn L. Foster* and *Harry D. Turner.*

*T. Murray Robinson* argued the cause for the State of Oklahoma, *Floyd Green* for the Corporation Commission of Oklahoma, and *D. A. Richardson* for the Peerless Oil & Gas Co., appellees.   With them on the brief were *Mac Q. Williamson,* Attorney General, and *Fred Hansen,* Assistant Attorney General, for the State of Oklahoma, and *Thomas J. Lee* and *Richard H. Dunn* for the Commissioners of the Land Office of Oklahoma.

MR. JUSTICE CLARK delivered the opinion of the Court.

This is a companion case to *Cities Service Gas Co.* v. *Peerless Oil & Gas Co.,* 340 U. S. 179, decided this date. Appellant is a producer in the Guymon-Hugoton Field, owning leases on approximately 183,000 acres, but unlike Cities Service it does not purchase from other producers in this field. It has its own gathering system through which gas is transported to a central point in Hansford County, Texas. There the gas is processed for the extraction of gasoline and other liquid hydrocarbons. These by-products are either utilized or sold, and the residue of natural gas is sold to pipe-line companies. Appellant's first appearance before the Oklahoma Corporation Commission in connection with the *Peerless* proceedings was on January 17, 1947, after the entry of the order setting a minimum price on all natural gas taken from the Guymon-Hugoton Field. Phillips moved that the Commission either vacate the order insofar as applicable to it, or clarify the application of the order to gas not actually sold at the wellhead. On February 4, 1947, the Commission issued Order No. 19702, refusing to vacate or further clarify its general minimum price order. The Commission concluded that Phillips had no standing to complain of the general order since the company was currently complying with it by realizing on the average, from sale and utilization of by-products and sale of gas, the minimum price set.

On appeal, the Oklahoma Supreme Court consolidated the two cases and with respect to Phillips stated:

> "Our discussion of the Cities Service appeal is here applicable. We find no basis in the due process and equal protection clause of the Federal and State Constitutions for condemning the orders appealed from in their application to Phillips." 203 Okla. 35, 48, 220 P. 2d 279, 292 (1950).

It is apparent from this opinion that the court below took jurisdiction and passed upon the constitutional issues raised. We assumed therefore that the court, noting the evidence of injury contained in the record, found no technical defects in the pleadings before the Commission which would deprive Phillips of standing to appeal. We noted probable jurisdiction of the appeal to this Court in order to secure a complete picture of the issues at stake.

Appellant does not argue that the orders violate the Commerce Clause. In other respects, the appeal presents only minor variations of the issues raised by Cities Service. Phillips argues that it is not a purchaser but merely a producer; that unlike the situation in *Cities Service,* the order as applied to it lacks any connection with correlative rights, the interest of the public, monopolistic practices or discrimination. The distinction is without a difference: the connection between realized price and conservation applies to all production in the field, whether owners purchase from others or not, and whether they own pipe lines or not. In a field which constitutes a common reservoir of gas, the Commission must be able to regulate the operations of all producers or there is little point in regulating any.

Phillips also relies heavily on the contention that the orders are unreasonably vague. In substance, this argument is nothing more than that the determination by an integrated company of proceeds realized from gas at the wellhead involves complicated problems in cost accounting. These problems are common to a host of valid regulations. There is nothing to indicate that Phillips will be penalized for reasonable and good faith efforts to solve them.

*Affirmed.*

Mr. Justice Black is of the opinion that the alleged federal constitutional questions are frivolous and that the appeal therefore should be dismissed.