19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwight D. ARMELIN, Defendant-Appellant.
 No. 93-50464.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 28, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dwight D. Armelin appeals the 123-month sentence imposed following his guilty pleas to armed bank robbery and using and carrying a firearm during a crime of violence in violation of 18 U.S.C. Secs. 2113(a)(d), 924(c)(d). Armelin contends that the district court erred by refusing to depart downward from the applicable Guidelines range based upon a codefendant's alleged threats which prevented him from rendering promised assistance to the government. We lack jurisdiction to review this claim, and we dismiss.
 
 
 3
 "[W]e lack jurisdiction to review a district court's discretionary refusal to depart downward from the Sentencing Guidelines." United States v. Rivera, 996 F.2d 993, 997 (1993) "The [district] court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked power to depart." United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991) (per curiam).
 
 
 4
 Here, Armelin and two codefendants agreed to cooperate in prosecuting Armelin's cousin, Ronnie Gobert. Each entered a written plea agreement promising full cooperation. In return, the government agreed to move for a downward departure, if appropriate, pursuant to U.S.S.G. Sec. 5K1.1.
 
 
 5
 Armelin later refused to testify against Gobert before the grand jury or at trial. In his statement of objections to the presentence report, he justified his change of heart, explaining that Gobert had threatened to kill him. He argued that he was, nonetheless, entitled to a downward departure. The district court clearly indicated that, if it had discretion to grant such a departure, it would not grant it. Thus, we lack jurisdiction to consider this claim. See Rivera, 996 F.2d at 997.
 
 
 6
 On appeal, Armelin argues that the threats he endured were a "mitigating factor," on the basis of which the district court could have departed downward even absent a motion by the government. Although the district court considered and rejected alternative bases for departure, Armelin did not ask for a downward departure pursuant to Sec. 5K2.0. We decline to address this request for the first time on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3