24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leon Paul MEIER, Defendant-Appellant.
 No. 92-30347.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon Paul Meier appeals the 140-month sentence imposed following his guilty plea to conspiracy to manufacture, possess with intent to distribute, and distribute methamphetamine in violation of 21 U.S.C. Secs. 841(a)(1), 846. Meier contends the district court erred by considering evidence of other crimes in concluding that he was not a minor participant in the crime of conviction. He also argues the district court's failure to explain either its choice of sentence or its refusal to depart below the applicable Guidelines range warrants remand. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the legality of a criminal sentence. United States v. Turner, 898 F.2d 705, 708 (9th Cir.), cert. denied, 495 U.S. 962 (1990). Whether a defendant qualifies as a minor or minimal participant in crime pursuant to U.S.S.G. Sec. 3B1.2 is reviewed for clear error. United States v. Davis, 15 F.3d 902, 913 (9th Cir.1994). " 'The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of Sec. 1B1.3 ... and not solely on the basis of elements and acts cited in the count of conviction.' " United States v. Lillard, 929 F.2d 500, 503 (9th Cir.1991) (quoting U.S.S.G. Ch. 3, Pt. B, intro. comment.)
 
 
 4
 Here, Meier was charged with various state and federal offenses in connection with a methamphetamine laboratory authorities discovered in Crook County, Oregon in April 1991. An investigation revealed that, in early April, Meier had accompanied his codefendant, Alan Shelby, to the residence of Jeff Davis, a methamphetamine "cook." Shelby had tortured Davis to make him surrender a large quantity of precursor chemicals to manufacture methamphetamine. Shelby and Meier had then stolen the chemicals to launch their operation in Crook County.
 
 
 5
 Six months later, Meier's brother, Paul, asked Meier if he could park his mobile methamphetamine laboratory in the driveway of Meier's residence in Lane County, Oregon. Meier acceded and, when he was arrested for the second time, authorities discovered equal quantities of methamphetamine, totaling 225 grams, in his house and in the mobile laboratory. Three days after Meier's arrest, authorities unearthed buried laboratory equipment and sludge near the location where the mobile laboratory had been parked. They found Meier's fingerprint on a pyrex flask.
 
 
 6
 Pursuant to a plea agreement, Meier assisted authorities in the prosecution of other codefendants, and pleaded guilty to charges stemming from the Lane County laboratory. In return, the government dismissed the charges related to the Crook County laboratory. The parties agreed that Meier's sentence would be determined based upon the total quantity of methamphetamine seized from his vehicle, his residence, and the mobile laboratory.
 
 
 7
 Meier argued at sentencing that he deserved a downward adjustment for being a minor participant in the Lane County operation. The district court inquired about his participation in the assault of Jeff Davis before deciding that he deserved no such adjustment. Meier now argues that the district court improperly considered conduct relating to dismissed charges in determining that he was not a minor participant in the Lane County laboratory. We disagree.
 
 
 8
 The Guidelines require the district court to determine a defendant's role in the crime of conviction by considering all conduct involved in "closely-related" offenses. See Lillard, 929 F.2d at 503. Meier's crimes in Crook County were "closely-related" for purposes of this determination. See U.S.S.G. Sec. 3D1.2(d); United States v. Fine, 975 F.2d 596 (9th Cir.1992) (en banc). In any event, the methamphetamine in Meier's home and his fingerprint on the buried flask amply support the district court's conclusion that he was not a minor participant in the Lane County laboratory. We discern no clear error. See Davis, 15 F.3d at 913.[1]
 
 
 9
 "[W]e lack jurisdiction to review a district court's discretionary refusal to depart downward from the Sentencing Guidelines." United States v. Rivera, 996 F.2d 993, 997 (9th Cir.1993). Here, Meier advanced many reasons why he was entitled to a downward departure. The district court stated, "I have reviewed all of the sentencing materials, including the letters that were submitted, including the one from your grandmother, who was very supportive; and carefully listened to the arguments today. However, I do not believe this is an appropriate case for a downward departure and find accordingly." Nothing in the record suggests the district court's decision was not discretionary. Thus, we lack jurisdiction to consider this argument. See Rivera, 996 F.2d at 997.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject as absurd Meier's argument that his case should be remanded because the district failed to explain why it sentenced him to the lowest possible sentence with the Guidelines range