48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Lee SMITH, Defendant-Appellant.
 No. 94-10416.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 21, 1995.*
Decided Feb. 28, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricky Lee Smith appeals his one-month sentence imposed following the entry of a guilty plea to submitting false claims to the Railroad Retirement Board in violation of 45 U.S.C. Sec. 359(a). Smith contends that the district court erred in adjusting his offense level upwards for more than minimal planning pursuant to U.S.S.G. Sec. 2F1.1(b)(2)(A). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review the district court's determination that a defendant has engaged in more than minimal planning for clear error. United States v. Lindholm, 24 F.3d 1078, 1086 (9th Cir.1994). " 'More than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. Sec. 1B1.1, comment. (n. 1(f)). Thus, the adjustment generally applies to cases involving repeated acts over a period of time. See Lindholm, 24 F.3d at 1086; United States v. Donine, 985 F.2d 463, 465 (9th Cir.1993).
 
 
 4
 Smith does not dispute the district court's finding that he engaged in repeated acts over a period of time but he contends that each instance was purely opportune because the Railroad Retirement Board invited him to apply for benefits by sending him a claim form every two weeks. However, every two weeks Smith was required to fill out the claim form by answering questions about his employment since he last claimed benefits, and to mail the form to the Board. It is undisputed that Smith falsely claimed that he had not worked during the periods in question. Given that Smith submitted these false claim forms on nine separate occasions over a period of four months, we cannot say that each instance was purely opportune. See U.S.S.G. Sec. 1B1.1, comment. (n. 1(f)); Lindholm, 24 F.3d at 1086. Accordingly, the district court's two-level increase in Smith's base offense level was not clearly erroneous. See Lindholm, 24 F.3d at 1086.
 
 
 5
 Smith contends that the rule of lenity requires that the "purely opportune" language of U.S.S.G. Sec. 1B1.1, comment. (n. 1(f)) be interpreted in his favor. However, since the language of U.S.S.G. Sec. 1B1.1, comment. (n. 1(f)) is unambiguous, the rule of lenity does not apply. See United States v. Rivera, 996 F.2d 993, 997 (9th Cir.1993).
 
 
 6
 Smith contends that the application of U.S.S.G. Sec. 2F1.1(b)(2)(A) involves impermissible double counting because the loss calculation under U.S.S.G. Sec. 2F1.1(b)(1)(A) fully accounts for his repeated conduct. The district court did not engage in impermissible double counting since these two sections of the Guideline account for two different kinds of harm. See United States v. Reese, 2 F.3d 870, 895 (9th Cir.1993), cert. denied, 114 S.Ct. 928 (1994).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3