73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Arturo MIRAMONTES-CASTELLANOS, Defendant-Appellant.
 No. 95-55232.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 29, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Arturo Miramontes-Castellanos, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. Miramontes-Castellanos contends that: (1) he was improperly sentenced as a career offender; (2) his counsel was ineffective on three grounds; and (3) the government breached the plea agreement. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review de novo the denial of a section 2255 motion, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 Career Offender Status
 
 3
 Miramontes-Castellanos contends that the sentencing court erred by classifying him as a career offender. "The district court's determination that a defendant is a career offender is subject to de novo review when it involves an interpretation of the Guidelines." United States v. Vea-Gonzales, 999 F.2d 1326, 1328 (9th Cir.1993).
 
 
 4
 A defendant is considered a career offender if: (1) he or she is eighteen years old or older; (2) the instant conviction is either a crime of violence or controlled substance offense; (3) the defendant has two or more prior felony conviction each of which is a crime of violence or a controlled substance violation. U.S.S.G. Sec. 4B1.1 (1990); United States v. Rivera, 996 F.2d 993, 995 (9th Cir.1993). According to the Sentencing Guidelines a prior felony conviction is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. Sec. 4B1.2, comment. (n. 3) (1990); Rivera, 996 F.2d at 995.
 
 
 5
 Here, Miramontes-Castellanos was convicted in 1982 for possession of a controlled substance for sale and in 1988 for conspiracy to possess with the intent to distribute cocaine. Both convictions were felony convictions. See U.S.S.G. Sec. 4B1.2. Miramontes-Castellanos' 1982 conviction had a potential sentence of up to four years in custody. Under the Guidelines, the 1982 conviction is considered to be a prior felony conviction even though Miramontes-Castellanos received an actual sentence of less than one year. See U.S.S.G. Sec. 4B1.2, comment. (n. 3); Rivera, 996 F.2d at 995. Miramontes-Castellanos met all the requirements of a career offender. See U.S.S.G. Sec. 4B1.1; Rivera, 996 F.2d at 995. Accordingly, the court properly sentenced Miramontes-Castellanos as a career offender. See U.S.S.G. Sec. 4B1.2; Rivera, 996 F.2d at 995.
 
 Ineffective Assistance of Counsel
 
 6
 Miramontes-Castellanos contends that counsel was ineffective because he miscalculated Miramontes-Castellanos' possible sentence, failed to object to Miramontes-Castellanos being sentenced as a career offender, and failed to object to the breach of plea agreement.
 
 
 7
 First, Miramontes-Castellanos contends that his attorney's miscalculation of Miramontes-Castellanos' potential sentence rendered his assistance ineffective. A claim of ineffective assistance of counsel is reviewed de novo. Sanchez, 50 F.3d at 1456. To demonstrate that counsel was ineffective a petitioner must show: (1) counsel's performance was outside the wide range of professional competent assistance, and (2) defendant was prejudiced by reason of counsel's action. Strickland v. Washington, 466 U.S. 668, 687 (1984); Sanchez, 50 F.3d at 1456.
 
 
 8
 A guilty plea must be knowing, voluntary and intelligent. Brady v. United States, 397 U.S. 742, 747 (1970). A district court must advise a defendant of the "mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Fed.R.Crim.P. 11(c)(1); Brady 379 U.S. at 748-49. There is no requirement that before entering a plea the defendant be informed of the applicable offense level or criminal history category under the Sentencing Guidelines. United States v. Turner, 881 F.2d 684, 687 (9th Cir.), cert. denied, 493 U.S. 871 (1989). An erroneous prediction by the defendant's attorney regarding his possible sentence does not render assistance ineffective. Id.
 
 
 9
 Here, the court informed Miramontes-Castellanos of the maximum possible sentences available for the crimes charged and that the court was not bound to sentence Miramontes-Castellanos under any plea agreement. The court also advised Miramontes-Castellanos that the court could not issue a sentence until after the presentence report had been prepared and that if the sentence was more severe than Miramontes-Castellanos had expected he would not be able to withdraw his guilty plea.
 
 
 10
 Given the colloquy between Miramontes-Castellanos and the court, Miramontes-Castellanos knowingly and voluntarily entered his guilty plea with the understanding that the court was not bound by any sentencing agreement. See Brady 379 U.S. at 749; Turner, 881 F.2d at 687. Because Miramontes-Castellanos was fully aware of his possible sentence, he cannot show he was prejudiced by defense counsel's alleged miscalculations. See Strickland, 466 U.S. at 687; Turner, 881 F.2d at 687.
 
 
 11
 Second, because Miramontes-Castellanos was properly sentenced as a career offender any claims of ineffective assistance of counsel due to counsel's failure to object or to raise the issue on appeal are properly denied. See U.S.S.G. Sec. 4B1.2. Accordingly, Miramontes-Castellanos suffered no prejudice from the alleged ineffectiveness of counsel. See Strickland, 466 U.S. at 687.[1]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to address Miramontes-Castellanos' third claim of ineffective assistance of counsel or his remaining claims because he did not present them to the district court. See Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir.1995); United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990). In addition, Miramontes-Castellanos raises new issues in his reply brief that he did not present to the district court. Accordingly, Miramontes-Castellanos' motion to consider his reply brief as a supplemental brief is denied. See Sanchez, 50 F.3d at 1456