89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Saul PEREZ-PATINO, aka Antonio Rodriguez-Gonzalez,
Defendant-Appellant.
 No. 95-30254.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Saul Perez-Patino appeals his 60-month sentence following a guilty plea to attempting to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). He contends the district court erred by failing to determine whether Perez-Patino had read the presentence report (PSR) and discussed it with his attorney, as required by Fed.R.Crim.P. 32, and by failing to grant him a downward departure. We have jurisdiction under 18 U.S.C. § 3742(a), 28 U.S.C. § 1291, and affirm.
 
 
 3
 The government concedes that the sentencing judge failed to verify that Perez-Patino had read the PSR and discussed it with his attorney, as required by Fed.R.Crim.P. 32(c)(3)(A). We conclude, however, that the error was harmless. See United States v. Davila-Escovedo, 36 F.3d 840, 844 (9th Cir.1994) (resentencing not required based on sentencing court's failure to verify that defendant had read and discussed presentence report where appellant made no claim that he had not read it and the record revealed no prejudice), cert. denied, 115 S.Ct. 953 (1995). Perez-Patino does not claim that he did not read the PSR or discuss it with his attorney. In fact, the objections to the PSR submitted by counsel, and counsel's letter to the sentencing court setting forth Perez-Patino's arguments concerning his sentence, indicate that counsel had discussed the PSR with his client. Perez-Patino does not identify any additional issues he would have raised had the sentencing judge asked him whether he had read the PSR. Nothing in the record indicates that the sentencing judge's failure to follow Fed.R.Crim.P. 32(c)(3)(A) resulted in prejudice to Perez-Patino. Accordingly, the error was harmless, and we decline to remand for resentencing. See id.
 
 
 4
 A district court's discretionary refusal to depart downward is not reviewable on appeal. United States v. Rivera, 996 F.2d 993, 997 (9th Cir.1993). "The court's silence regarding authority to depart is not sufficient to indicate that the court believed that it lacked power to depart." United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991) (per curiam). Here, Perez-Patino's counsel informed the sentencing court that "Guideline 4A1.3 allows for a departure to a lower criminal history category when the court concludes that the defendant's criminal history is significantly less serious than that of most defendants in the same category," and he argued for a downward departure to criminal history category III. The court rejected his arguments, stating: "The court finds the defendant's Criminal History Category is IV." We conclude that the sentencing court was aware that it had authority to grant a downward departure based on overrepresentation of defendant's criminal history, but decided not to grant a departure on that basis. We therefore lack jurisdiction to review the district court's refusal to depart downward. See id., see also Rivera, 996 F.2d at 997.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3