NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 20, 2013
Decided February 20, 2014

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-3857

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Northern District of Illinois, |
| *Plaintiff-Appellee,* | Eastern Division. |
| *v.* | No. 10-cr-00947 |
| CLAYTON K. JEMINE, | Gary S. Feinerman, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Clayton Jemine pleaded guilty to two counts of bank robbery, 18 U.S.C. § 2113(a), and was sentenced to 155 months' imprisonment as a career offender, based partially on an earlier state conviction for a controlled-substance offense. He now appeals his sentence, arguing that the district court erred in counting this controlled-substance offense as a predicate felony for career-offender status. We affirm.

In 2010 Jemine robbed two TCF Banks four days apart. At the first bank, in Waukegan, Illinois, he warned a teller that he had a gun, and he got away with $1,321. At the second bank, in Zion, Illinois, he simply told the teller not to cause him to do

something he would regret, and the teller gave him $660. He was quickly caught after the second robbery.

The probation office filed a presentence investigation report, detailing Jemine's extensive criminal history and identifying him as a career offender under U.S.S.G. § 4B1.1. The presentence report identified two state convictions that qualified as offenses under the career-offender guideline: (1) a 1995 conviction in Illinois for aggravated battery, 720 ILCS 5/12-3.05, which constituted a crime of violence; and (2) a 2006 conviction in Wisconsin for manufacture/delivery of less than one gram of cocaine, WIS. STAT. § 961.41(1)(cm)(1g), which constituted a controlled-substance offense.

Jemine filed a sentencing memorandum objecting to the application of the career-offender provision. He argued that 28 U.S.C. § 994(h)(2), the statutory basis for § 4B1.1, applies only to *federal* controlled-substance offenses because it does not specify state controlled-substance offenses as a qualifying predicate felony. Had Congress intended for § 994(h) to include state controlled-substance offenses as a qualifying felony, Jemine argued, it would have done so, and this statutory omission precludes his Wisconsin drug conviction from counting as a predicate offense for purposes of § 4B1.1.

The district court rejected Jemine's arguments and sentenced him as a career offender to concurrent sentences of 155 months for both robberies. The court calculated a guidelines range of 151 to 188 months' imprisonment based on Jemine's offense level of 29 and criminal history category of VI (without the adjustment, the guidelines range would have been only 120 to 150 months' imprisonment). In rejecting Jemine's request for a below-guidelines sentence, the court acknowledged Jemine's difficult childhood (including child abuse and the pervasive presence of drugs in the home), his positive influence on his step-children, and his educational accomplishments while in the correctional system, but concluded that his 26 criminal-history points—double what is needed to be in category VI—"probably understates the seriousness of his criminal history."

On appeal Jemine maintains that his minor drug conviction in Wisconsin for manufacturing less than one gram of cocaine should not count towards career-offender status, and again points to the absence in § 994(h) of any explicit reference to state controlled-substance offenses as a qualifying predicate felony. He dismisses contrary outcomes from other circuits as not binding and tries to distinguish this court's contrary cases as "colorful but inapplicable dicta."

It is unfortunate that Jemine's minor state drug crime transforms his status into that of a career offender, but his argument has been implicitly rejected by this court and explicitly so by those other circuits that have addressed the issue. *See United States v. Womack*, 610 F.3d 427, 433 (7th Cir. 2010); *United States v. Woods*, 576 F.3d 400, 401 (7th Cir. 2009); *United States v. Liddell*, 492 F.3d 920, 924 (7th Cir. 2007); *see, e.g., United States v. Gonsalves*, 121 F.3d 1416, 1419 (11th Cir. 1997); *United States v. Piper*, 35 F.3d 611, 619–20 (1st Cir. 1994); *United States v. Consuegra*, 22 F.3d 788, 789–90 (8th Cir. 1994) (citing *United States v. Whyte*, 892 F.2d 1170, 1174 (3d Cir. 1989); *United States v. Rivera*, 996 F.2d 993, 996 (9th Cir. 1993); *United States v. Beasley*, 12 F.3d 280, 283 (1st Cir. 1993). An offender's "predicate drug convictions need not be federal as long as they are for conduct that could have been charged federally." *Rivera*, 996 F.2d at 996; *Beasley*, 12 F.3d at 283. Jemine's cocaine offense could have been charged federally under the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 841(a)(1), which prohibits the manufacturing of a controlled substance like cocaine. *See Rivera*, 996 F.2d at 996; *United States v. Starks*, 309 F.3d 1017, 1025–26 (7th Cir. 2002); *United States v. Collins*, 272 F.3d 984, 989 (7th Cir. 2001).

Jemine also argues that the district court erred by refusing to deviate from the career-offender guidelines. He contends that his lengthy sentence will do little to rehabilitate his drug addiction or deter others. He contends that a 96-month sentence—a sentence within his guidelines range were he not a career offender—would be more appropriate because it would allow him to enroll in a drug rehabilitation program and adequately deter future conduct.

The court did not abuse its discretion in giving Jemine a within-guidelines sentence. We presume Jemine's within-guidelines sentence to be reasonable, and Jemine has not shown any reason to disturb that presumption. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Boroczk*, 705 F.3d 616, 624 (7th Cir. 2013). A district court may disagree with the career-offender guidelines, *see United States v. Corner*, 598 F.3d 411, 415–16 (7th Cir. 2010) (en banc); *United States v. Redmond*, 667 F.3d 863, 876 (7th Cir. 2012), and indeed Judge Feinerman acknowledged his discretion to depart from the guidelines but reasonably declined to do so. The court appropriately weighed, on the one hand, Jemine's difficult childhood, struggles with drug addition, and family support, *see* 18 U.S.C. § 3553(a)(1), with the need to protect the public, Jemine's significant criminal history,[1] and the need to deter him from future criminal activity,

---

[1] In addition to the bank robberies and the two state crimes mentioned, the significant criminal history consisted of at least 15 state convictions, including several

*see id.* § 3553(a)(2)(A), (b)(2)(b). Furthermore, shortening Jemine's sentence so that he could obtain drug treatment runs afoul of the Supreme Court's view that "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011); *see United States v. Ramirez-Gutierrez*, 503 F.3d 643, 646–47 (7th Cir. 2007).

**AFFIRMED**.

---

drug-related crimes, unlawful use of firearms, and obstructions of justice.