UNITED STATES of America, Appellee,

v.

Dominic BARIAL, Appellant.

Crim. A. No. 93–0404–A.

United States District Court,
E.D. Virginia,
Alexandria, Virginia.

Dec. 30, 1993.

Helen Fahey, U.S. Atty., Janet S. Reincke, Asst. U.S. Atty., Gerard J. Sexton, Sp. Asst. U.S. Atty., Alexandria, VA, for appellee.

Alan H. Yamamoto, Alexandria, VA, for appellant.

### MEMORANDUM OPINION

ELLIS, District Judge.

This appeal of a magistrate judge's sentencing order raises the question whether the special probation provided for in 18 U.S.C. § 3607(a) is available to persons convicted of violating 36 C.F.R. § 2.35(b)(2), as well as to persons convicted of violating 21 U.S.C. § 844. The answer to this question hinges on the meaning of the phrase "offense described in [21 U.S.C. 844]" as used in 18 U.S.C. § 3607(a). Although the phrase is ambiguous, in this context it must be read to mean "offense under," because the statute as a whole, together with its purpose and legislative history, points convincingly to the con-

clusion that the special probation provision applies only to defendants convicted of offenses under 21 U.S.C. § 844 and not to defendants convicted of controlled substances offenses under other laws.

### I.

On May 10, 1993, appellant Dominic Barial, was issued a citation by a United States Park Police officer for violation of 36 C.F.R. § 2.35(b)(2), which proscribes possession of controlled substances within an area under the jurisdiction of the National Park Service. Specifically, appellant was charged with one count of marijuana possession and one count of cocaine possession, both offenses occurring on the George Washington Parkway, which is within the Park Service's jurisdiction. Appellant was tried on these charges before a magistrate judge and found guilty on both counts. He was then sentenced to one year of probation on each count, these terms to run concurrently, with special assessments of $10.00 on each count.

In the course of the sentencing proceeding, the magistrate judge refused to consider sentencing appellant pursuant to 18 U.S.C. § 3607(a) [1] because the underlying conviction was a violation of 36 C.F.R. § 2.35(b)(2) [2] rather than a conviction under 21 U.S.C. § 844. [3] In the magistrate judge's view, special probation under § 3607(a) is available only in connection with convictions under 21 U.S.C. § 844. [4] Thus, the dispute in the instant case is whether the phrase "described in" should be interpreted narrowly, to mean "set forth in" or "under," or broadly, to include all *conduct* equivalent to the offense described in 21 U.S.C. § 844, whether or not such conduct is charged under that particular statute. [5]

### II.

Because the question presented is one of statutory construction, the starting point for the analysis must be the plain language of the statute. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981).

---

1. 18 U.S.C. § 3607 grants the sentencing court discretion to place persons on special pre-judgment probation. Should the offender successfully complete his probation term, the court may dismiss the proceedings against him, removing the offense from his public record. The statute provides, in relevant part, as follows:

   (a) Pre-judgment probation.—If a person found guilty of an offense described in section 404 of the Controlled Substances Act (21 U.S.C. 844)—

   (1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and

   (2) has not previously been the subject of a disposition under this subsection;

   the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. At the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. If the person violates a condition of his probation, the court

shall proceed in accordance with the provisions of section 3565.

2. 36 C.F.R. § 35(b)(2) prohibits:

   The possession of a controlled substance, unless such substance was obtained by the possessor directly, or pursuant to a valid prescription or order, from a practitioner acting in the course of professional practice or otherwise allowed by Federal or State law.

3. 21 U.S.C. § 844(a) declares:

   It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter.

4. There is no doubt that if 18 U.S.C. § 3607(a) were to be read broadly to apply to those convicted of offenses of the type described in 21 U.S.C. § 844, the conduct prohibited under 36 C.F.R. § 35(b)(2) would qualify. One need only consider the language of the two provisions, which is practically identical.

5. Because this is a question of law, this Court's review of the matter is *de novo*. *United States v. Coyle*, 943 F.2d 424, 426 (4th Cir.1991).

Where a statute's plain language is unambiguous, judicial efforts to construe or interpret the statute are unnecessary and inappropriate. In that event, the statute must be applied in accordance with its plain meaning. *See Rubin v. United States,* 449 U.S. 424, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981); *Helvering v. New York Trust Co.,* 292 U.S. 455, 54 S.Ct. 806, 78 L.Ed. 1361 (1934). But where the statute may reasonably be said to be infected with ambiguity, it is appropriate for courts to resolve the ambiguity through the application of settled rules of statutory construction and interpretation. *See United States v. Jackson,* 759 F.2d 342, 344 (4th Cir.1985), *cert. denied* 474 U.S. 924, 106 S.Ct. 259, 88 L.Ed.2d 265 (1985). And statutes may be said to be infected with ambiguity when their terms give rise to more than one plausible meaning or interpretation. *See Wilson v. Holyfield,* 227 Va. 184, 313 S.E.2d 396, 398 (Va.1984).

Here, there is no doubt that § 3607(a) contains an ambiguity. As the parties' arguments reflect, the phrase "offense described in" admits of more than one meaning. Thus, the phrase may be read to mean only offenses under § 844 or it may be read more broadly to mean any offense under any statute provided it is essentially the same as an § 844 offense. Given this ambiguity, a search for the statute's true meaning must extend beyond the statutory language; it must encompass the use of such established construction aids as legislative history and structure.

As it happens, the legislative history of 18 U.S.C. § 3607 is indeed illuminating. Congress enacted § 3607 as part of the Comprehensive Crime Control Act of 1984. *See* Pub.L. No. 98–473, § 212(a)(2), 98 Stat. 2001, 2003 (1984). Yet that enactment was merely a recodification of former 21 U.S.C. § 844(b), which itself was repealed by the Comprehensive Crime Control Act. Significantly, the former § 844(b)(1) limited special probation as a sentencing option to individuals "found guilty of a violation of subsection (a) of this section [§ 844]." Thus, § 3607(a) is the result of nothing more than the movement of § 844(b)(1), which undeniably limited special probation to § 844 offenders. Nor is there any reason to believe that Congress, in moving § 844(b)(1) to § 3607(a), intended to expand the availability of special probation. Instead, a far more plausible explanation is that the special probation provision was moved so that it would appear among the other provisions relating to probation and to post-sentence administration generally. *See* 18 U.S.C. §§ 3601–3607. And the change in language resulting from the movement of 21 U.S.C. § 844(b)(1) to 18 U.S.C. § 3607(a) was necessary because Congress obviously could not retain the original language, "violation of subsection (a) of this section." In sum, the origin of the special probation provision points convincingly to a construction of § 3607(a) limiting its application to violations of 21 U.S.C. § 844.

Other legislative history concerning § 3607(a) is sparse. Yet, what little there is reinforces the conclusion that the statute was simply a recodification of 21 U.S.C. § 844(b)(1), and was not intended to extend special probation to all who violate provisions analogous to § 844. A Senate Report of the Committee on the Judiciary commented on the transition, stating:

> Proposed 18 U.S.C. 3607 carries forward the provisions of 21 U.S.C. 844(b) relating to special probation without entry of judgment for first offenders *found guilty of violating* section 404 of the Controlled Substances Act (21 U.S.C. 844) if there has been no previous conviction of an offense under a Federal or State law relating to controlled substances.

S.Rep. No. 225, 98th Cong., 1st Sess. 133 (1983), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3316 (emphasis added). This passage indicates that the drafters of § 3607(a) meant that it should apply only to those "found guilty of violating" 21 U.S.C. § 844.

Further support for this interpretation of § 3607(a) is found in other sections of the statute.[6] Section 3607(c) directs courts to

---

6. Other sections are relevant because it is a settled canon of statutory construction that a statute should be construed in a manner that harmonizes all of its component sections. *See, e.g., Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 249, 105 S.Ct. 2587, 2594, 86

expunge records of the criminal proceedings for offenders under twenty-one years of age at the time of the offense.[7] In drafting that provision, Congress wrote:

> If the case against a person found guilty of an offense *under* section 404 of the Controlled Substances Act (21 U.S.C. 844) is the subject of a disposition under subsection (a), and the person was less than twenty-one years old at the time of the offense, the court shall enter an expungement order upon the application of such person.

18 U.S.C. § 3607(c) (emphasis added).[8] In other words, expungement is available only to youthful offenders of § 844 who also receive special probation under § 3607(a); it is not available to those under twenty-one convicted of offenses essentially similar or even identical to a § 844 offense. Neither should special probation be available to these offenders, for there would then be created two classes of youthful offenders: (i) those who violate § 844 and are thus eligible for special probation and expungement and (ii) those who violate provisions analogous to § 844, such as 36 C.F.R. § 2.35(b)(2), and are eligible for special probation, but not expungement. This disparity in treatment of youthful offenders finds no support in principle or policy and there is no reason to believe that Congress intended such a disparity in treatment to exist. Rather, it is more logical to assume a contrary Congressional intent and to construe § 3607(a) in a manner that eliminates such nonsensical disparate treatment. This result is achieved by construing § 3607(a) parallel to § 3607(c) so that both provisions are available only to § 844 offenders.

Appellant's argument for a broader reading of "described in" places great emphasis on *United States v. Rivera,* 996 F.2d 993 (9th Cir.1993) and *United States v. Whyte,* 892 F.2d 1170 (3rd Cir.1989), *cert. denied,* 494 U.S. 1070, 110 S.Ct. 1793, 108 L.Ed.2d 794 (1990), two cases in which the identical phrase in 28 U.S.C. § 994(h) was held to extend to state, as well as federal, convictions for the purpose of determining whether an individual qualifies as a career offender. Appellant contends that the interpretation of the phrase "described in" in § 994, as set forth in *Rivera* and *Whyte,* controls, or is at least persuasive on the interpretation of the phrase "described in" in 21 U.S.C. § 844. Yet neither *Whyte* nor *Rivera* are persuasive here because the context and purpose of § 994(h) is markedly different from that of § 3607(a).

Section 994(h) provides in pertinent part that "[t]he Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized [by statute] for categories of defendants in which the defendant ... (2) has previously been convicted of two or more prior felonies, each of which is ... (B) an offense described in [21 U.S.C. §§ 841, 952(a), 955, or 959]." The question at issue in *Rivera* and *Whyte* was whether the Sentencing Commission exceeded its delegated authority by permitting prior state convictions to serve as predicate offenses for career offender status, even though § 994(h) specifies that such offenses should be those "described in" certain federal statutes. In finding that the Sentencing Commission's interpretation of § 994(h) was proper, both courts focused on the purpose of § 994(h), as well as the statute itself.[9] Both *Rivera* and *Whyte* recognize that the purpose of § 994(h) is the

---

L.Ed.2d 168 (1985); *Colautti v. Franklin,* 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (1979).

**7.** The expungement of record of disposition under § 3607(c) is significant insofar as the expungement will

> restore such person ... to the status he occupied before such arrest or institution of criminal proceedings. A person concerning whom such an order has been entered shall not be held thereafter under any provision of law to be guilty of perjury, false swearing, or making a false statement by reason of his failure to

recite or acknowledge such arrests or institution of criminal proceedings, or the results thereof, in response to an inquiry made of him for any purpose.

18 U.S.C. § 3607(c).

**8.** 18 U.S.C. § 3607(c) was formerly found in 21 U.S.C. § 844(b)(2).

**9.** The *Rivera* court explicitly noted that its task was "not to interpret the enabling statute ... [but rather to] determine whether the Guidelines ... are 'sufficiently reasonable' in light of the congressional directive to the Commission."

imposition of "substantial prison terms" on "repeat drug traffickers." *Rivera*, 996 F.2d at 996 (citing S.Rep. No. 225, 98th Cong., 2d Sess. 175, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3358); *Whyte*, 892 F.2d at 1174 (same). This broad and abstract purpose,[10] which the *Rivera* court recognized as a "directive," supports an interpretation of § 994(h) that includes state drug trafficking offenses.[11]

The congressional "directive" relating to § 994(h) stands in direct contrast to the legislative history of 18 U.S.C. § 3607(a), which, as previously noted, was sparse. In an attempt to avoid this pitfall, appellant instead cites the legislative history to 21 U.S.C. § 844, as originally enacted, and argues that its purpose was to increase the sentencing courts' discretion in imposing alternative sentences. *See* H.R.Rep. No. 1444, 91st Cong., 1st Sess. (1970), *reprinted in* 1970 U.S.Code Cong. & Ad.News 4566, 4574, 4576. Appellant further contends that this purpose supports a reading of 18 U.S.C. § 3607(a) extending beyond § 844 offenses. This argument is meritless. Statements of purpose made in the legislative history to 21 U.S.C. § 844, when the special probation provision was originally created, were made specifical-

ly and solely in the context of § 844 crimes. At that time, special probation was undeniably limited to § 844 offenses. Thus, legislative history pertaining to the original special probation provision in 21 U.S.C. § 844(b) does not support appellant's argument.

Yet another difference between the use of "described in" in 18 U.S.C. § 3607(a) and in 28 U.S.C. § 994(h) is found by examining the context in which the phrase in used in each statute. Section 994(h) creates a category of offenders who have been convicted of *felonies* that are either crimes of violence or offenses "described in" one of several federal statutes. This suggests that Congress wrote the statute to address specific *conduct* and to describe this conduct through general descriptive terms ("felony" and "violence"), as well as by listing statutes indicative of this conduct.[12] Section 3607(a), by contrast, does not list § 844 in the context of such a illustrative description. Instead, § 844 is cited by specific reference to the statute itself. For these reasons, the interpretation of § 994(h) found in *Whyte* and *Rivera* is easily distinguishable from that of § 3607(a) and therefore is not persuasive in this case.[13]

■ Appellant's final challenge to the government's interpretation of § 3607(a) is

---

*Rivera*, 996 F.2d at 995. The *Whyte* court, on the other hand, made a more direct effort to interpret the underlying statute.

10. Worth noting is that the reliability and efficacy of statutory purpose as an interpretive guide is an inverse function of the level of abstraction used in framing the purpose. Thus, when a statute's purpose is framed in highly abstract terms, as in the purpose being "to promote the general welfare," that purpose is virtually useless and unreliable as a guide to statutory construction. To be useful and reliable, statements of statutory purpose should be as particularized as possible.

11. As the *Rivera* court noted:
[t]he fact that a defendant has a prior *state* conviction should not exempt him from career offender status when a prior conviction for violating an analogous *federal* law would result in career offender status. Such an outcome would not provide consistent application of the statute, nor would it impose substantial prison terms in accord with the congressional directive.
*Rivera*, 996 F.2d at 996.

12. Furthermore, of the statutes listed following "as described in" in § 994(h), one, as amended,

permits "the enhancement of maximum penalties for controlled substance offenses to include a prior *state* felony drug conviction within the definition of a prior felony conviction." *Rivera*, 996 F.2d at 996 (citing *United States v. Sanchez–Lopez*, 879 F.2d 541, 560 (9th Cir.1989) (citing S.Rep. No. 225, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.C.A.A.N. 3182, 3440–41) (emphasis added). This provides further support for the conclusion that Congress intended the enhancement of penalties to focus on the conduct committed rather than on whether the offender violated one of the offenses specifically enumerated. *See Rivera*, 996 F.2d at 996.

13. Before moving past *Rivera* and *Whyte*, it is worth noting that both decisions, in their analyses of 28 U.S.C. § 994(h), declare that "[i]f Congress had wanted only convictions under particular federal statutes to serve as predicate offenses, it could have said so quite simply. Instead, Congress referred to 'offenses described in'—not 'convictions obtained under'—those statutes." *Whyte*, 892 F.2d at 1174; *see also Rivera*, 996 F.2d at 995 (citing *Whyte*). While this argument seems to support appellant's interpretation of 18 U.S.C. § 3607, it is not persuasive here. To be sure, Congress could have used more precise language in § 3607(a). Even so, the language

based not on canons of statutory construction but rather on considerations of equal protection and due process under the Constitution. Appellant argues that, under the government's interpretation of § 3607(a), persons convicted under 35 C.F.R. § 2.35(b)(2) are wrongfully denied the opportunity for special probation afforded to those convicted for substantially identical conduct under § 844. This argument fails, for the Supreme Court has "long acknowledged the Government's broad discretion to conduct criminal prosecutions, including its power to select the charges to be brought in a particular case." *Ball v. United States,* 470 U.S. 856, 859, 105 S.Ct. 1668, 1670, 84 L.Ed.2d 740 (1985); *see also Garrett v. United States,* 471 U.S. 773, 790 n. 2, 105 S.Ct. 2407, 2417 n. 2, 85 L.Ed.2d 764 (1985). Here, the provisions of 18 U.S.C. § 3607(a) do not discriminatorily affect those persons convicted of a particular crime; rather, the statute grants sentencing courts special discretion in sentencing a particular class of offenders. Persons arrested for possession of controlled substances within a National Park may be charged under either 21 U.S.C. § 844 or 35 C.F.R. § 2.35(b)(2). Prosecutorial discretion to choose between these provisions is clearly proper and cannot be the grounds for an equal protection or due process challenge. *See United States v. Batchelder,* 442 U.S. 114, 123–25, 99 S.Ct. 2198, 2203–04, 60 L.Ed.2d 755 (1979) (where offenders can be charged under more than one statute for the same conduct, prosecutors may choose to charge under the statute carrying the more severe penalties without violating due process or equal protection).

Because 18 U.S.C. § 3607(a) does not give sentencing courts discretion to consider special probation for offenders convicted under statutes other than 21 U.S.C. § 844, appellant's appeal from the magistrate judge's sentencing order fails.

An appropriate order shall issue.

used is fully consistent with the result reached here, a result compelled by the statute's legislative history, purpose, and structure. Indeed, it might well be argued here that had Congress intended to broaden the availability of special probation when it was moved to Title 18, it could have "said so quite simply."