### UNITED STATES of America, Plaintiff–Appellee,

### v.

### Dominic BARIAL, Defendant–Appellant.

### No. 94–5048.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1994.

Decided Aug. 4, 1994.

---

**ARGUED:** Alan H. Yamamoto, Alexandria, VA, for appellant. Gerard Joseph Sexton, Sp. Asst. U.S. Atty., Alexandria, VA, for

---

appellee. **ON BRIEF:** Helen F. Fahey, U.S. Atty., Alexandria, VA, for appellee.

Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and GARBIS, United States District Judge for the District of Maryland, sitting by designation.

Reversed and remanded by published opinion. Circuit Judge WILKINSON wrote the opinion, in which Senior Circuit Judge BUTZNER and Circuit Judge GARBIS joined.

## OPINION

WILKINSON, Circuit Judge:

The question in this case is whether defendant, who was convicted of simple drug possession under a regulation prohibiting possession of controlled substances in federal parks, may be considered for special probation under 18 U.S.C. § 3607(a). Because § 3607(a) is applicable not just to those found guilty of drug possession under 21 U.S.C. § 844, but to all those found guilty of an offense "described in" § 844, defendant may be considered for the special probation provided in § 3607(a). Accordingly, the judgment of the district court that it lacked discretion to consider special probation for defendant is reversed, and the case is remanded for consideration of such probation.

## I.

On May 10, 1993, the United States Park Police issued a citation to appellant Dominic Barial for possessing illegal drugs on the George Washington Parkway. Barial was charged with one count of marijuana possession and one count of cocaine possession in violation of 36 C.F.R. § 2.35(b)(2), which prohibits the possession of controlled substances within the Park Service's jurisdiction. He was tried before a magistrate judge and found guilty on both counts. Barial was subsequently sentenced to one year of probation on each count, the terms to run concurrently, and ordered to pay special assessments of $10 on each count. At the time of sentencing, appellant had no prior convictions.

At sentencing, Barial requested that the magistrate judge sentence him under 18 U.S.C. § 3607(a), which permits courts to grant special probation to first-time offenders. The chief feature of section 3607(a) is that it imposes probation without the ultimate entry of a judgment of conviction. Section 3607(a) provides, in pertinent part:

*Pre-judgment probation.*—If a person found guilty of an offense described in section 404 of the Controlled Substances Act (21 U.S.C. 844)—

(1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and

(2) has not previously been the subject of a disposition under this subsection;

the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. At the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. . . . .

The magistrate denied appellant's request for special probation because Barial was convicted under a National Parks Service regulation rather than under 21 U.S.C. § 844, the statute referenced in § 3607(a). After hearing oral argument, the district court affirmed the magistrate's order, finding that the special probation of § 3607(a) was available only to those convicted under 21 U.S.C. § 844. *See United States v. Barial,* 841 F.Supp. 171 (E.D.Va.1993). Barial now appeals.

## II.

■ In determining the scope of § 3607(a), we look first to the language of that section. If that language is unambiguous, our inquiry comes to an end, as there is no need to look any further. *See United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981). Here, the language of § 3607(a) plainly

states that special probation may be considered for persons "found guilty of an offense *described in* [21 U.S.C. § 844]." (emphasis added). It is significant that Congress chose to use the term "described in" in § 3607(a), a term that necessarily calls for a broader reading than the phrase "found guilty *under* 21 U.S.C. § 844." The term "described in" indicates that Congress provided for the option of special probation for those whose conduct would constitute a § 844 violation, not simply for those prosecuted under that particular statute.*

The significance of the term "described in" has been recognized in other contexts. In *United States v. Rivera*, 996 F.2d 993 (9th Cir.1993), the Ninth Circuit held that state offenses could be considered as predicates for career offender status under 28 U.S.C. § 994(h), which references only federal violations. *See* 28 U.S.C. § 994(h)(2)(B). This result was possible because the statute provides that predicate offenses are those "described in" certain federal statutes. The court noted the importance of paying careful attention to Congress' choice of words:

> If Congress had intended only federal offenses to serve as predicates for career offender status, it could have done so by providing that only "convictions obtained under" the federal statutes would be the basis for career offender status. The fact that Congress used the words "described in" indicates the focus is not upon whether the predicate offense is federal or state; rather, the focus is upon the type of conduct involved.

*Rivera*, 996 F.2d at 996. Other circuits, including this one, have reached the same conclusion. *See United States v. Brown*, 23 F.3d 839, 841 (4th Cir.1994); *United States v. Beasley*, 12 F.3d 280, 283 (1st Cir.1993); *United States v. Whyte*, 892 F.2d 1170, 1174 (3d Cir.1989) ("Congress referred to 'offenses described in'—not 'convictions obtained under'—those statutes.").

■ It is plain from section 3607 itself that Congress knew how to confine special probationary treatment to the actual violators of a

referenced provision. While section 3607(a) provides that special probation may be considered for those found guilty of an offense "described in" 21 U.S.C. § 844, section 3607(c) provides for the expungement of records only for those recipients of special probation under the age of twenty-one who were found guilty of "an offense under" § 844. Where Congress has chosen different language in proximate subsections of the same statute, courts are obligated to give that choice effect. *See Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983).

This point has been recognized repeatedly, not only by the courts, but by the government as well. As noted above, several circuits have read the "described in" language in 28 U.S.C. § 994(h)(2)(B) to permit state offenses to constitute predicate crimes for federal career offender status. In these cases, the government has argued that the "described in" language of § 994(h)(2)(B) reached beyond the listed federal statutes to encompass state crimes punishing the same conduct. The argument here that the identical term—"described in"—is now limited to the listed federal statute does not square with the government's argument concerning § 994(h). The government cannot change its view of statutory language simply to suit its sentencing purposes.

### III.

■ The sole remaining issue is whether a violation of 36 C.F.R. § 2.35(b)(2) constitutes an offense "described in" 21 U.S.C. § 844, thereby allowing the district court to consider the option of special probation for a person guilty of violating the regulation. The regulation prohibits

> [t]he possession of a controlled substance, unless such substance was obtained by the possessor directly, or pursuant to a valid prescription or order, from a practitioner acting in the course of professional practice or otherwise allowed by Federal or State law.

---

* The government suggests that we look to the legislative history of § 3607(a) in reaching our decision. A review of that history is not necessary, however, where the statutory language provides the answer.

36 C.F.R. § 2.35(b)(2). In nearly identical language, the statute referenced in § 3607(a) states

[i]t shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter....

21 U.S.C. § 844. Given the indistinguishable wording and effect of the regulation and the statute, there can be no question that conduct prohibited under 36 C.F.R. § 2.35(b)(2) constitutes an offense "described in" 21 U.S.C. § 844. In using such language in § 3607(a), Congress ensured that similar classes of offenses would be treated consistently at sentencing.

For the foregoing reasons, the judgment of the district court is reversed and this case remanded so that the district court may consider defendant for the special probation provided in 18 U.S.C. § 3607(a).

*REVERSED AND REMANDED.*