The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
May 27, 2021

## 2021COA76

**No. 20CA0081, *People v. Dominguez* — Criminal Law — Sentencing — Probation — Two Prior Felony Rule**

A division of the court of appeals interprets the 2010 amendment to the two prior felony rule, section 18-1.3-201(2.5), C.R.S. 2020, and concludes for the first time that a defendant is ineligible for probation even if the only conviction for an enumerated disqualifying felony is a conviction from another state.

COLORADO COURT OF APPEALS    **2021COA76**

Court of Appeals No. 20CA0081
Washington County District Court No. 18CR16
Honorable Charles M. Hobbs, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jose Luis Dominguez,

Defendant-Appellant.

SENTENCE AFFIRMED

Division I
Opinion by JUDGE TOW
Dailey, J., concurs
Berger, J., dissents

Announced May 27, 2021

Philip J. Weiser, Attorney General, Megan Rasband, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Casey Mark Klekas, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Under a provision of Colorado's criminal sentencing laws known as the two prior felony rule, a defendant convicted of a felony, who has two or more prior felonies at the time of sentencing, is ineligible for probation if either the current or prior felonies include a conviction for one of several enumerated disqualifying offenses.  § 18-1.3-201(2.5)(b)(I)-(XII), C.R.S. 2020.  This case requires us to answer one question: Can a defendant be ineligible for probation under the two prior felony rule even if his only disqualifying felony (in this case, attempted burglary) is a conviction in another state?  The answer is yes.

¶ 2     Defendant, Jose Luis Dominguez, appeals his sentence, arguing that the district court erred by finding him ineligible for probation under the two prior felony rule.  Specifically, he argues that the court erred by concluding that his Nevada attempted burglary conviction was a conviction "for: . . . [f]irst or second degree burglary, as described in section 18-4-202[, C.R.S. 2020,] or [section] 18-4-203[, C.R.S. 2020]."  § 18-1.3-201(2.5)(b)(VII).  Because we disagree, we affirm.

1

## I. Relevant Facts and Procedural History

¶ 3    The following facts are uncontested.  Dominguez was at a park with friends.  He drank approximately three beers before driving the group to a nearby reservoir.  On the way, Dominguez swerved to avoid a deer that ran into the road.  He lost control of the car, it rolled, and one of his passengers was seriously injured.

¶ 4    Dominguez pleaded guilty to felony vehicular assault.  The plea agreement stipulated to a community corrections sentence.  But in the event Dominguez was not accepted into community corrections — which is ultimately what occurred — the plea agreement provided that the sentence would be open to the court.

¶ 5    The presentence investigation report concluded that he was not eligible for probation under the two prior felony rule because Dominguez had been convicted of multiple prior felonies including, as pertinent here, attempted burglary in Nevada.  The report concluded that the attempted burglary conviction disqualified Dominguez from being considered for probation.  Although prosecutors may recommend to the court that the probation ineligibility be waived, the prosecutor here declined to do so.  *See* § 18-1.3-201(4)(a)(I) (allowing the sentencing court to waive the

2

restrictions on eligibility for probation if recommended by the district attorney).[1]

¶ 6     At sentencing, Dominguez argued that the Nevada felony conviction was not a disqualifying offense under the statute because the elements of criminal attempt in Nevada are broader than the elements of criminal attempt in Colorado.  Nevada defines an attempt as "[a]n act done with the intent to commit a crime, and tending but failing to accomplish it."  Nev. Rev. Stat. § 193.330(1) (West 2020).  In Colorado, "[a] person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense." § 18-2-101(1), C.R.S. 2020.  A substantial step means "any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense."  *Id.*  At sentencing, Dominguez's

---

[1] In the common parlance of the courtroom, prosecutors routinely state that they "waive the two prior felony rule."  In reality, the prosecutor can only recommend such a waiver; once such a recommendation is made, however, the actual decision to waive the restriction on probation eligibility is up to the sentencing court. § 18-1.3-201(4)(a)(I), C.R.S. 2020.

counsel argued that, because conduct that constitutes an attempt in Nevada may be insufficient to constitute an attempt in Colorado, Dominguez's Nevada conviction did not fall within enumerated felonies that would make him ineligible for probation.

¶ 7     The district court disagreed. The court concluded that, "absent any legal authority" on the subject, it had "to look at the statutes on their face." The court reasoned that while the Nevada attempt statute was "less wordy," the statutes were "sufficiently similar" such that Dominguez's Nevada conviction qualified as a prior conviction under the two prior felony rule. The court concluded that Dominguez was therefore ineligible for probation and sentenced him to two years in the custody of the department of corrections.

## II.     Applicable Law

¶ 8     Dominguez contends that the court erred by concluding that he was ineligible for probation. He pursues two alternative contentions: (1) foreign felony convictions[2] can never satisfy the enumerated offense requirement under the two prior felony rule;

---

[2] We use "foreign felony convictions" as shorthand for felony convictions from other states or the United States.

4

and (2) Nevada's attempt and burglary statutes encompass conduct that is not "as described in" Colorado's attempt and burglary statutes, *see* § 18-1.3-201(2.5)(b)(VII).

### A.    Standard of Review and Preservation

¶ 9    We review a sentencing decision for an abuse of discretion. *People v. Ruibal*, 2015 COA 55, ¶ 54, *aff'd*, 2018 CO 93.  However, if a district court "misapprehends the scope of its discretion in imposing sentence, a remand is necessary for reconsideration of the sentence within the appropriate sentencing range." *People v. Linares-Guzman*, 195 P.3d 1130, 1137 (Colo. App. 2008).  Whether the court misapplied the two prior felony rule rests on interpretation of the sentencing statutes, which we review de novo. *People v. Rice*, 2015 COA 168, ¶ 10.  Specifically, whether or when foreign felony convictions are disqualifying under the two prior felony rule is a question of law that we review de novo.  *See People v. Nguyen*, 899 P.2d 352, 355-56 (Colo. App. 1995) (whether a foreign conviction counts under the habitual criminal statute is a question of law reviewed de novo).

¶ 10    We note that Dominguez's argument before us is fundamentally different than the one he pursued at sentencing.

5

There, as noted, he argued only that Colorado's definition of criminal attempt is not broad enough to encompass all actions that may constitute a criminal attempt in Nevada. In fact, defense counsel specifically said, "I'll note that I think the burglary statute lines up. So I'm not contesting that the burglary is different, but the attempt is different." Further, although counsel noted, "I don't think there's really any case law that I was able to find in determining, for the purposes of the two-prior felony rule, how the court is supposed to analyze out-of-state convictions," he never asserted that a foreign conviction could not serve as a disqualifying felony.[3]

¶ 11      That being said, Dominguez's claim is that the district court incorrectly applied the two prior felony rule, making him ineligible for probation. This claim centers on whether the district court "ignore[d] [or, here, misapplied] essential procedural rights or statutory considerations in forming the sentence." *People v. Knoeppchen*, 2019 COA 34, ¶ 9 (quoting *People v. Bowerman*, 258

---

[3] Significantly, the People do not argue that these statements constitute a waiver of the argument Dominguez now pursues. We will therefore not treat them as such.

6

P.3d 314, 316 (Colo. App. 2010)).  As such, Dominguez's challenge

is to the manner in which his sentence was imposed.  *See id.*; *see*

*also* § 18-1-409(1), C.R.S. 2020 (providing that every defendant

convicted of a felony has the right to one appellate review of "the

manner in which the sentence was imposed, including the

sufficiency and accuracy of the information on which it was

based . . .").[4]

¶ 12    Our supreme court has recently held that a claim that would

be cognizable under Crim. P. 35(a) as an "illegal manner" claim

need not be preserved for purposes of raising it on direct appeal.

*Fransua v. People*, 2019 CO 96, ¶ 13.  Thus, we review the merits of

Dominguez's claim and, if we find error, will reverse unless the error

is harmless.

---

[4] We reject Dominguez's claim that his sentence is illegal.  "An illegal sentence is one that is not authorized by law." *People v. Oliver*, 2016 COA 180M, ¶ 16 (quoting *People v. Jenkins*, 2013 COA 76, ¶ 11).  Even if the two prior felony rule did not apply to him, he is not *entitled* to probation.  *See Byrd v. People*, 58 P.3d 50, 55 (Colo. 2002) ("Probation is a privilege, not a right.").  And his two-year prison sentence is well within — indeed, at the minimum of — the range for the class 4 felony of which he was convicted. § 18-1.3-401(1)(a)(V)(A.1), C.R.S. 2020.  Thus, his sentence is authorized by law.

### B. Statutory Interpretation

¶ 13 Our primary task in construing a statute is to give effect to the General Assembly's intent. *Riley v. People*, 104 P.3d 218, 220 (Colo. 2004). We first look to a statute's plain language. *Bostelman v. People*, 162 P.3d 686, 690 (Colo. 2007). "If the statutory language is clear and unambiguous, we do not engage in further statutory analysis." *Id.*

¶ 14 Only if the statutory language is ambiguous may we employ other tools of statutory construction, including statutory or legislative history or the rule of lenity. § 2-4-203, C.R.S. 2020; *Frazier v. People*, 90 P.3d 807 (Colo. 2004). Even where interpretive tools are used, however, the rule of lenity is "a rule of last resort invoked only 'if after utilizing the various aids of statutory construction, the General Assembly's intent remains obscured.'" *People v. Summers*, 208 P.3d 251, 258 (Colo. 2009) (quoting *People v. Thoro Prods. Co.*, 70 P.3d 1188, 1198 (Colo. 2003)).

### C. The Law of Probation Eligibility

¶ 15 A court may sentence a defendant to a probationary sentence if "the ends of justice and the best interest of the public, as well as

the defendant, will be served thereby." § 18-1.3-202(1)(a), C.R.S. 2020.

¶ 16    For convictions entered on or after May 25, 2010 (such as Dominguez's conviction), the probation eligibility statute states that

> a person who has been twice or more convicted of a felony upon charges separately brought and tried and arising out of separate and distinct criminal episodes under the laws of this state, any other state, or the United States prior to the conviction on which his or her application is based *shall not be eligible for probation if the current conviction or a prior conviction is for:*
>
> . . .
>
> (VII) *First or second degree burglary, as described in section 18-4-202 or 18-4-203;*
>
> . . .
>
> (XII) *Any criminal attempt or conspiracy to commit any of the offenses specified in this paragraph (b).*

§ 18-1.3-201(2.5)(VII), (XII) (emphasis added).

### III.   Analysis

#### A.   The Enumerated Offenses Under the Probation Eligibility Statute Include Foreign Convictions

¶ 17    Dominguez concedes that foreign felonies count toward whether a defendant has two or more prior felony convictions.  But

he contends that the statute contains a separate, independent requirement that one of the felonies "is for" an enumerated Colorado offense, and that a foreign felony conviction can never satisfy that requirement.

¶ 18    But Dominguez's argument ignores another phrase in the statutory language of the two prior felony rule: a conviction is disqualifying if it "is for" one of several offenses "as described in" one of various statutes. *See id.* Significantly, the two prior felony rule does not require that the defendant be convicted "under" the specific statute. *See United States v. Barial*, 31 F.3d 216, 217-18 (4th Cir. 1994) (holding that the use of the term "described in" a given statute evidences an intent to encompass any conduct that would violate that statute, not just conduct actually prosecuted under that specific statute). Nor does the statute limit the crimes specifically "as defined in" the relevant Colorado statute. *See People v. Rojas*, 2019 CO 86M, ¶ 25 (discussing the legislative use of "as

defined in," as opposed to "as described in," and concluding that the latter does not evince an intent to create a separate offense).[5]

¶ 19    Thus, we conclude that the language of the two prior felony rule is unambiguous.  It disqualifies a defendant from probation eligibility if that defendant has been convicted of two or more felonies "under the laws of this state, any other state, or the United States," and any of the defendant's convictions — whether obtained in Colorado or not — arise out of conduct that is encompassed by the enumerated statutes.  § 18-1.3-201(2.5)(b).

¶ 20    Because we conclude the language is unambiguous, we need not consider the statutory or legislative history.  *People v. Rockwell,* 125 P.3d 410, 418 (Colo. 2005).  Nevertheless, because the dissent assumes, in the alternative, that the language is ambiguous, we,

---

[5] We acknowledge that in *People v. Rojas,* 2019 CO 86M, our supreme court was considering a different issue, specifically whether a statutory reference to "[f]raud in connection with obtaining food stamps, as *described* in section 26-2-305[, C.R.S. 2020,]" evidenced a legislative intent to create a separate offense from "[t]heft, as *defined* in section 18-4-401[, C.R.S. 2020]." *Id.* at ¶ 25.  Nevertheless, in doing so, the supreme court clearly held that there is a fundamental difference between the legislature *describing* an offense and the legislature *defining* an offense.

too, turn briefly to the statutory and legislative history[6] to demonstrate that it does not contradict our interpretation of the two prior felony rule. *See id.* at 418-19 (discussing legislative history after concluding the statutory language at issue was "clear and unambiguous").

¶ 21 The current version of the two prior felony rule was enacted in 2010. Ch. 257, sec. 1, § 18-1.3-201, 2010 Colo. Sess. Laws 1146. The prior version remains in the statute and applies to anyone convicted before May 25, 2010. § 18-1.3-201(2)(a). The former two prior felony rule simply provided that anyone with two or more prior felonies "under the laws of this state, any other state, or the United States" was ineligible for probation.[7] § 18-1.3-201(2)(a.5). In other words, it applied to all felonies.

---

[6] "[S]tatutory history" refers to "the evolution of a statute as it is amended over time by the legislature," while "legislative history" refers to "the development of a statute during the legislative process and prior to enactment or amendment." *Carrera v. People*, 2019 CO 83, ¶ 24 n.6 (quoting *Colo. Oil & Gas Conservation Comm'n v. Martinez*, 2019 CO 3, ¶ 30 n.2).

[7] The former two prior felony rule also provided for disqualification for a defendant with a single prior felony committed within ten years before a current conviction for a class 1, 2, or 3 felony. § 18-1.3-201(2)(b).

¶ 22　According to the testimony in both houses of the legislature, the purpose of the 2010 amendment was simply to limit the application of the two prior felony rule to the enumerated crimes, which were selected because they all involve some level of force or violence.[8]　Hearings on H.B. 10-1338 before the H. Judiciary Comm., 67th Gen. Assemb., 2d Sess. (Mar. 11, 2010); Hearings on H.B. 10-1338 before the S. Judiciary Comm., 67th Gen. Assemb., 2d Sess. (Apr. 28, 2010).　Not one witness or legislator suggested that the enumerated crime must arise from a Colorado conviction or otherwise insinuated that the broad language encompassing convictions arising under "the laws of this state, any other state, or the United States" would not apply to the enumerated list within the same paragraph of the new subsection.

¶ 23　Given what the law was immediately prior to the statutory amendment, and the clear intent of the legislature as evidenced by the testimony of the witnesses during the enactment — which was

---

[8] One of the enumerated offenses, theft from the person of another, specifically does not involve "force, threat, or intimidation." § 18-4-401(5), C.R.S. 2020.　Nevertheless, it does involve taking something of value directly from another person, which certainly has the potential to result in force or violence.

uniformly in support of the bill — both the statutory and the legislative history demonstrate that the enumerated list was not intended to apply solely to crimes prosecuted under Colorado's laws.[9]

¶ 24    We conclude, therefore, that Dominguez's attempted burglary conviction is not precluded from disqualifying Dominguez simply because it was not a Colorado conviction.  Rather, that conviction would disqualify him if it was a conviction for an attempt to commit a burglary "as described in" section 18-4-202 or section 18-4-203. We turn now to that inquiry.

### B.    Dominguez's Nevada Attempted Burglary Offense Is a Disqualifying Offense

#### 1.    The Focus Is On the Conduct Engaged in by Dominguez Rather Than Elements of the Nevada Offense

¶ 25    Dominguez first argues that, if the elements of the crime under the laws of the other state are broader than the relevant

---

[9] True, as the dissent points out, the legislature uses different language in other statutes to reflect its intent to include foreign convictions.  But that carries little weight here, where the legislature within the same statute has already clearly evinced its intent to cover convictions "under the laws of this state, *any other state, or the United States . . . .*"  § 18-1.3-201(2)(a.5).

enumerated Colorado statute, the foreign conviction cannot be "as described in" the Colorado statute. We disagree.

¶ 26    As the Fourth Circuit Court of Appeals observed in *Barial*, a legislature's use of "described in" reflects an intent to address *conduct* that would fall under the statute, even if the prosecution did not occur under the statute. *Barial*, 31 F.3d at 217-18. Similarly, the Ninth Circuit Court of Appeals has held that the federal career offender statute, 28 U.S.C. § 994(h), which classifies a defendant as a career offender based on convictions for predicate offenses "described in" certain federal statutes, also encompasses similar state offenses. *United States v. Rivera*, 996 F.2d 993, 996 (9th Cir. 1993). The court in *Rivera* stated that "[t]he fact that Congress used the words 'described in' indicates the focus is not upon whether the predicate offense is federal or state; rather, the focus is upon *the type of conduct involved.*" *Id.* (emphasis added).

¶ 27    Such a conduct-focused approach is not new to Colorado. Under its habitual sentencing procedures, a foreign misdemeanor conviction will be considered a felony for habitual criminal purposes if it is "the equivalent to" a felony in Colorado. *Nguyen*, 899 P.2d at

354. This analysis requires consideration not of the elements of the foreign offense, but of the conduct engaged in by the defendant. *Id.*

¶ 28 In our view, there is no basis to limit the phrase "as described in" to a pure comparison of elements. Rather, as in *Nguyen,* the question must be whether the *conduct* engaged in by the defendant, if committed in Colorado, would have fallen within the ambit of the crimes "as described in" the enumerated disqualifying offenses. *See id.*; § 18-1.3-201(2.5)(b).

### 2. Nevada's Criminal Attempt Definition Is Not Broader Than Colorado's

¶ 29 As a threshold issue, we decline to address Dominguez's argument, first raised on appeal, that Nevada's substantive burglary statute is broader than Colorado's. At sentencing, Dominguez's counsel told the district court, "I'll note that I think the burglary statute lines up. So I'm not contesting that the burglary is different . . . ." In light of this admission, Dominguez waived any claim that the Nevada burglary statute is broader than the burglary statute in Colorado.

¶ 30    Instead, Dominguez's counsel argued that Nevada's attempt statute is different from Colorado's. Dominguez reiterates that contention here. Again, we disagree.

¶ 31    In Colorado, "[a] person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense." § 18-2-101(1). "A substantial step is any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *Id.* In Nevada, a criminal attempt is "[a]n act done with the intent to commit a crime, and tending but failing to accomplish it." Nev. Rev. Stat. § 193.330.

¶ 32    Dominguez argues that Nevada's statute requires "less proof" than Colorado's. We disagree. To commit criminal attempt in Nevada, one must, with the specific intent to commit a crime, engage in an act that tends to accomplish that crime. Though the verbiage is different, we see no functional difference between such an act and the act of taking a substantial step toward the commission of the offense. And the specific intent to commit the

17

crime, as required by Nevada's law, is at least sufficient to be "strongly corroborative of the firmness of the actor's purpose" to commit the crime in Colorado. *See* § 18-2-101(1).

¶ 33    In sum, considering counsel's concession, the district court could rely on the information in the presentence investigation report that the burglary aspect of Dominguez's prior conviction disqualified him from probation. And the district court did not err by concluding that conduct encompassed by Nevada's attempt statute necessarily fell within Colorado's attempt statute as well. And because foreign convictions for conduct that would qualify as an enumerated disqualifying offense in Colorado are sufficient for disqualification, Dominguez was not eligible for probation because of his Nevada attempted burglary conviction.

IV.    Conclusion

¶ 34    The sentence is affirmed.

JUDGE DAILEY concurs.

JUDGE BERGER dissents.

18

JUDGE BERGER, dissenting.

¶ 35     This case requires us to answer one question: Is a defendant eligible for probation under section 18-1.3-201(2.5)(b)(I)-(XII), C.R.S. 2020 (the probation eligibility statute) if he has never been convicted of one of the statute's enumerated Colorado felonies?  The answer is that such a defendant is eligible for probation.  I dissent from the majority's contrary conclusion.

¶ 36     I agree with the majority's recitation of the facts, so I move to my analysis.

I.     Statutory Construction

¶ 37     Our primary task in construing a statute is to give effect to the General Assembly's intent.  *Riley v. People*, 104 P.3d 218, 220 (Colo. 2004).  We first look to a statute's plain language.  *Bostelman v. People*, 162 P.3d 686, 690 (Colo. 2007).  "If the statutory language is clear and unambiguous, we do not engage in further statutory analysis."  *Id.*

¶ 38     The supreme court has cautioned, however, that "[a]lthough we must give effect to the statute's plain and ordinary meaning, the General Assembly's intent and purpose must prevail over a literalist interpretation that leads to an absurd result."  *People v. Kailey*,

19

2014 CO 50, ¶ 13 (citation omitted). Therefore, "[s]tatutory interpretation leading to an absurd result will not be followed." *State v. Nieto*, 993 P.2d 493, 501 (Colo. 2000).

¶ 39　Only if the statutory language is ambiguous may we consider other tools of statutory construction, including the rule of lenity. § 2-4-203, C.R.S. 2020; *Frazier v. People*, 90 P.3d 807 (Colo. 2004).

## II.　The Law of Probation

¶ 40　Probation is a privilege, not a right. *Veith v. People*, 2017 CO 19, ¶ 14. A court may sentence a defendant to a probationary sentence if "the ends of justice and the best interest of the public, as well as the defendant, will be served thereby." § 18-1.3-202(1)(a), C.R.S. 2020.

¶ 41　The probation eligibility statute states,

> a person who has been twice or more convicted of a felony upon charges separately brought and tried and arising out of separate and distinct criminal episodes under the laws of this state, any other state, or the United States prior to the conviction on which his or her application is based *shall not be eligible for probation if the current conviction or a prior conviction is for*:
>
> . . .

> (VII) *First or second degree burglary, as described in section[s] 18-4-202 or 18-4-203*;
>
> . . .
>
> (XII) *Any criminal attempt or conspiracy to commit any of the offenses specified in this paragraph (b).*

§ 18-1.3-201(2.5)(VII), (XII), C.R.S. 2020 (emphasis added).

III.   The Statute's Plain Language Compels My Conclusion

¶ 42    The language of the probation eligibility statute is plain and unambiguous: A defendant "shall not be eligible for probation if the current conviction or a prior conviction is for" an enumerated Colorado felony. § 18-1.3-201(2.5)(b). Under the plain language of the statute, Dominguez would be ineligible for probation if his prior burglary conviction was for attempted "[f]irst or second degree burglary, *as described in* section[s] 18-4-202 or 18-4-203" of the Colorado Revised Statutes. § 18-1.3-201(2.5)(VII), (XII) (emphasis added). But his attempted burglary conviction was not "for" first or second degree burglary "as described in" a Colorado statute, *id.*; his conviction was as described by the law of Nevada.[1]

---

[1] We are left to guess as to what specific crime Dominguez was convicted of in Nevada because the prosecution presented no evidence of it at the hearing. Because I would hold that foreign

¶ 43    The majority relies on *United States v. Barial*, 31 F.3d 216, 217-18 (4th Cir. 1994), for its conclusion that "described in" evidences an intent to include foreign felonies. *Supra* ¶ 26. But this federal case does not establish or support the majority's interpretation of Colorado's probation eligibility statute. While employing *Barial*'s conclusion, the majority ignores its reasoning.

¶ 44    There, the Fourth Circuit reasoned that "[w]here Congress has chosen different language in proximate subsections of the same statute, courts are obligated to give that choice effect." *Id.* at 218. This is a bedrock rule of statutory construction, which we follow in Colorado. *See, e.g., Colo. Med. Bd. v. Off. of Admin. Cts.*, 2014 CO 51, ¶ 19 ("[T]he use of different terms signals the General Assembly's intent to afford those terms different meanings.").

¶ 45    The Fourth Circuit applied this rule in *Barial*. It reasoned that while one subsection of the special probation statute used the phrase "described in," another subsection of the same statute addressed defendants convicted "under" a specific federal law. *Barial*, 31 F.3d at 218. Therefore, because Congress used

---

felony convictions can *never* satisfy the enumerated offense requirement, this record uncertainty is immaterial to my analysis.

22

"described in" and "under" in the same statute, they did not mean the same thing. *Id.*

¶ 46    But Colorado's probation eligibility statute is different. The statute dictates that a defendant is ineligible for probation if the prosecution establishes two distinct requirements: (1) that the defendant has two prior felony convictions "under the laws of this state, any other state, or the United States"; and (2) that one of the convictions, whether a prior conviction or the triggering offense, "is for" an enumerated offense "as described in" a specific *Colorado* criminal statute. § 18-1.3-201(2.5)(b)(I)-(XII). The statutory language "under the laws of this state, any other state, or the United States" unquestionably dictates that any foreign felonies count towards whether the defendant has two prior felonies. § 18-1.3-201(2.5)(b). The second condition, however, only mentions specific Colorado laws, not the laws of other jurisdictions. *Id.*

¶ 47    Thus, under *Barial* and Colorado precedent, "as described in" specific Colorado statutes cannot mean the same thing as "under the laws of . . . any other state, or the United States." *See id.* When the legislature "has chosen different language in proximate subsections of the same statute, courts are obligated to give that

23

choice effect." *Barial*, 31 F.3d at 218. But the majority's construction collapses the distinction drawn by the General Assembly.

¶ 48 There is another reason that *Barial* does not support the majority's interpretation. While we presume that the General Assembly enacts statutes with an awareness of current Colorado precedent, no such presumption exists with respect to how federal courts interpret federal laws, or how those interpretations may play into a Colorado court's interpretation of Colorado law. *See Griego v. People*, 19 P.3d 1, 5 (Colo. 2001) ("When the General Assembly amended" certain statutes, "we must presume that it did so with awareness of *our decisions* in" that area of law.) (emphasis added). Therefore, the fact that some federal courts have construed "described in" differently should not affect, and certainly does not dictate, our analysis of the plain language of this Colorado statute.

IV.   The Statute's Plain Language Does Not Lead to an Absurd Result

¶ 49 The Attorney General argues that Dominguez's construction of the statute (with which I agree) leads to absurd results. Specifically, the Attorney General argues that this construction

24

would treat similarly situated defendants differently depending on whether their enumerated offense conviction was from Colorado or another state. This premise is correct: A defendant with two prior felony convictions, one of which is for second degree murder as defined by Colorado homicide statutes, would not be eligible for probation, whereas a defendant with a conviction for second degree murder under the laws of Kansas might be eligible for probation. *See* § 18-1.3-201(2.5)(b)(I) (listing second degree murder as an enumerated offense). But this result is not absurd.

¶ 50 It is not absurd for the General Assembly to limit the probationary bar to cases where a defendant has committed a specifically enumerated Colorado offense. Colorado largely followed the Model Penal Code in enacting its criminal statutes, but many states did not. *See People v. Childress*, 2015 CO 65M, ¶ 22. Due to the differences between states' criminal statutes, it is rational to limit the probationary bar to cases where a defendant has committed a particular crime as defined by the Colorado General Assembly.

¶ 51 Additionally, the issue before us is probation *eligibility*, not entitlement. In all cases when a defendant is probation eligible, the

judge retains discretion to enter a nonprobationary sentence. While the hypothetical defendant with a prior conviction for second degree murder under Kansas law is not barred from receiving a probationary sentence due to that conviction, a judge could, of course, issue a nonprobationary sentence. My plain reading of the probation eligibility statute, therefore, does not lead to an absurd result.

¶ 52 For these reasons, I would hold that foreign felony convictions do not satisfy the enumerated offense requirement under the probation eligibility statute.

V. Other Tools of Construction Demonstrate the Majority's Error

¶ 53 I acknowledge that determining the plain meaning of a statute presents a question on which reasonable minds may disagree. This case demonstrates that point. But assuming for the sake of argument that the statute is ambiguous, other tools of statutory construction only bolster my conclusion.

¶ 54 First, the probation eligibility statute does not contain the clear language found in other Colorado criminal statutes that permits the consideration of foreign crimes. A felony for the purpose of the habitual criminal statute, for example, can be from

"this or any other state," or "[a] crime under the laws of any other state . . . which, if committed within this state, would be such a felony." § 18-1.3-801(1)(b)(I)-(II), C.R.S. 2020. Simply put, when the General Assembly wants foreign felonies to count in some way in a criminal proceeding, it knows how to say so. Such language is absent from the enumerated offense requirement in the probation eligibility statute, but the majority reads it in.

¶ 55 Second, my interpretation would have zero negative consequences whatsoever on a court's ability to deny a probationary sentence to dangerous or otherwise unfit defendants. *See* § 2-4-203 (courts may consider the consequences of a particular statutory construction). As previously stated, the fact that a defendant is eligible for probation under the statute does not mean that he will receive probation. This construction would merely provide defendants like Dominguez the opportunity for probation.

¶ 56 Third, the statute's legislative history does not weigh in either direction. The most recent prior version of the probation eligibility statute barred a defendant with any two prior felonies from any state or the United States. § 18-1.3-201(2)(a), C.R.S. 2009. The Attorney General argues that the 2010 amendment adding the

enumerated offense requirement demonstrates an intent to limit the probationary bar to specific *types* or *classes* of crimes (e.g., murder), not Colorado crimes. The majority apparently agrees. *Supra* ¶ 22.

¶ 57    But as is often the case with legislative history, many reasonable conclusions can be drawn from the same information. Just as plausible as the majority's rationale is the view that the addition of the language "as described in [specific Colorado statutes]" demonstrates the intent to limit the bar to the specifically enumerated Colorado statutes. After all, the prior law only required two prior felonies from any jurisdiction. The legislative history therefore does not clearly support either interpretation.[2] While relying on legislative history is, at best, like "looking over a crowd and picking out your friends," here, it's not clear that either side has friends to pick out. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005) (citation omitted).

---

[2] The majority's assertion that, according to legislators' statements, "the purpose of the 2010 amendment was simply to limit the application of the two prior felony rule to the enumerated crimes" is similarly unpersuasive. *Supra* ¶ 22. The enumerated crimes the General Assembly chose were *Colorado* crimes.

¶ 58    Because legislative history is no help, and assuming the statute is otherwise ambiguous, we should consider the rule of lenity. *See People v. Summers,* 208 P.3d 251, 258 (Colo. 2009) (The rule of lenity is "a rule of last resort."). This rule "requires us to construe any ambiguities in a penal statute in a manner favoring the person whose liberty interests are affected by the statute." *Faulkner v. Dist. Ct.,* 826 P.2d 1277, 1278 (Colo. 1992). Here, if the statute is ambiguous and other avenues of statutory construction do not provide clarity, we should construe the statute in such a way to provide more defendants the opportunity for a probationary sentence.

¶ 59    I would hold that foreign felony convictions do not satisfy the enumerated offense requirement under the probation eligibility statute. I respectfully dissent.